UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

MONTECARLO JACKSON, )
)
        Plaintiff, )
)
  v. ) No. 1:10-CV-5-SNLJ
)
UNITED STATES OF AMERICA, et al., )
)
        Defendants. )

**ORDER AND MEMORANDUM**

This matter is before the Court upon the application of Montecarlo Jackson (registration no.28940) for leave to commence this action without payment of the required filing fee.

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account; or (2) the average monthly balance in the prisoner's account for the prior six-month period. See 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. See 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner

will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. See 28 U.S.C. § 1915(a)(1),(2). A review of plaintiff's account statement indicates an average monthly deposit of $-0-, and an average monthly account balance of $-0-. Plaintiff has insufficient funds to pay the filing fee. Accordingly, the Court will not assess an initial partial filing fee at this time.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal

construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992).

**The complaint**

Plaintiff, a federal pretrial detainee currently being held at the St. Louis City Justice Center, seeks monetary and injunctive relief for the violation of his constitutional rights. The named defendants are the United States of America, Lewis M. Blanton (United States Magistrate Judge), and Charly Doerge (United States Marshal). The Court will liberally construe the complaint as bringing a Bivens[1] action against defendants Blanton and Doerge and as bringing an action under the Federal Tort Claims Act as to the United States of America.

Plaintiff alleges that he was assaulted by a correctional officer while he was confined at the Pemiscot County Jail in January 2009. Plaintiff states that he feared for his life, and asked defendants Blanton and Doerge "in oral motion and letters after the fact to be moved"; however, he "was forced to keep enduring cruel and unusual punishment." Plaintiff claims that in April and June, 2009, he again asked defendant Doerge to move him "due to all that has happened to [him] physically and mentally,

---

[1] Suits for monetary damage against federal officials for the violation of constitutional rights are authorized under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).

3

concerning the assault. . . but yet [he] was refused." Plaintiff states that he also asked to be placed in protective custody; however, he was instead "placed in population with [a] white supremacist only to be attacked" again. Plaintiff claims that he has sustained serious mental and physical injuries as result of the assaults, a lack of medical treatment following the assaults, and not being transferred out of the Pemiscot County Jail in a timely fashion.

## Discussion

### A. Federal Tort Claims Act

Having carefully reviewed plaintiff's allegations, the Court concludes that the complaint is legally frivolous as to the United States of America. There is no indication that plaintiff has exhausted administrative remedies, a jurisdictional prerequisite to filing an FTCA claim in District Court. See 28 U.S.C. § 2675(a)(action for personal injury against United States must first be presented to appropriate federal agency); Bellecourt v. United States, 994 F.2d 427, 430 (8th Cir. 1993)("[p]resentment of an administrative claim is jurisdictional and must be pleaded and proven by the FTCA claimant").

### B. Bivens Claims

The complaint is also legally frivolous as to Judge Lewis Blanton, because judges are "entitled to absolute immunity for all judicial actions that are not 'taken in a complete absence of all

4

jurisdiction.'" Penn v. United States, 335 F.3d 786, 789 (8th Cir. 2003) (quoting Mireles v. Waco, 502 U.S. 9, 11-12 (1991); see also Stump v. Sparkman, 435 U.S. 349, 355-57 (1978).

Plaintiff's Eighth Amendment claims against defendant Charly Doerge survive review under 28 U.S.C. § 1915(e)(2)(B) and will not be dismissed at this time. Therefore, the Court will order defendant Doerge to reply to said claims.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that, as to defendants United States of America and Lewis M. Blanton, the Clerk shall not issue process or cause process to issue, because the complaint is legally frivolous and fails to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that, as to defendant Charly Doerge, the Clerk shall issue process or cause process to issue upon the complaint.

An appropriate order of partial dismissal shall accompany this order and memorandum.

Dated this 14th day of May, 2010.

_____
**UNITED STATES DISTRICT JUDGE**