UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| MONTE CARLO L. JACKSON,        ) | |
|                                ) | |
|    Plaintiff,   ) | |
|                                ) | |
|   vs.                ) | Case No. 1:10-CV-5 SNLJ |
|                                ) | |
| UNITED STATES OF AMERICA, et al., ) | |
|                                ) | |
|    Defendant.   ) | |

## MEMORANDUM AND ORDER

This case involves claims made by plaintiff Monte Carlo L. Jackson against the United States of America, Magistrate Judge Lewis M. Blanton, and Supervisory Deputy United States Marshal Charles Doerge. In his complaint, plaintiff alleges pursuant to *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), that defendant Doerge violated his Constitutional rights. This Court ordered that because the complaint failed to state a claim against and was legally frivolous as to the United States of America and Magistrate Judge Blanton, and no process was issued onto those parties (#9). Defendant Doerge is the sole remaining defendant, and he filed a Motion to Dismiss, or in the Alternative, for Summary Judgment (#18) on August 19, 2010. Following a service delay due to plaintiff's change of address and two motions for extensions of time, the plaintiff filed his response on January 3, 2011 (#34). On that same day, plaintiff filed a Motion to Amend Complaint (#33), to which the defendant has not responded.

## I. Background

Defendant Doerge was the Supervisory Deputy United States Marshal in charge of plaintiff's detention while plaintiff was awaiting trial for federal offenses in 2009. For some of that time, plaintiff was housed at state or local jail facilities through a contract between the United States Marshal Service and the state or local jail facilities, which delegates responsibility for day-to-day care for federal prisoners to the jail. *See* 18 U.S.C. §§ 4002 and 4013; 28 C.F.R § 0.111(o). Plaintiff alleges that the defendant violated his constitutional rights in the following ways: (1) defendant refused to move plaintiff to a different jail for a period of 11-12 months in 2009 after plaintiff made defendant aware of his desire to be transferred on June 26, 2009, or, in the alternative, defendant refused to place plaintiff in protective custody; (2) defendant was made aware by plaintiff that plaintiff had been given the wrong medication by jail medical staff on June 4, 2009; (3) defendant was made aware that plaintiff had been denied medical care for months; (4) on December 14, 2008, Plaintiff had been handcuffed by jail staff at the request of defendant's office; and (5) defendant was somehow responsible for a situation in which plaintiff says "federal inmate agents" working in concert with the government violated his Sixth Amendment and/or attorney-client privilege "rights." Plaintiff also states that his First through Seventeenth Amendment Rights, Human Rights, Due Process Rights, and Inmate Rights have all been violated as a result of these actions. Plaintiff seeks "compensation for emotional distress," proper medical care provided by "doctors that specialize in nerve and mental damage," and damages for pain and suffering in the amount of $100,000. Plaintiff's motion to amend his complaint (which attaches no amended complaint but rather sets forth the facts plaintiff seeks to

add to the complaint) includes the allegation that plaintiff was moved back to the Pemiscot County Justice Center for a period in August 2010.

## II. Legal Standard

### A. Dismissal for Failure to State a Claim Under Fed. R. Civ. P. 12(b)(6)

The purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the legal sufficiency of a complaint so as to eliminate those actions "which are fatally flawed in their legal premises and designed to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001) (quoting *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989)). A complaint must be dismissed for failure to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 560 (2007) (abrogating the traditional "no set of facts" standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). A petitioner need not provide specific facts to support his allegations, *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam), but "must include sufficient factual information to provide the 'grounds' on which the claim rests, and to raise a right to relief above a speculative level." *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008), *cert. denied*, 129 S.Ct. 222 (2008) (quoting *Twombly*, 550 U.S. at 555-56 & n.3).

In ruling on a motion to dismiss, a court must view the allegations of the complaint in the light most favorable to the petitioner. *Scheuer v. Rhodes*, 416 U.S. 232 (1974); *Kottschade v. City of Rochester*, 319 F.3d 1038, 1040 (8th Cir. 2003). Although a complaint challenged by a Rule 12(b)(6) motion does not need detailed factual allegations, a petitioner must still provide the

grounds for relief, and neither "labels and conclusions" nor "a formulaic recitation of the elements of a cause of action" will suffice. *Twombly*, 550 U.S. at 555 (internal citations omitted). "To survive a motion to dismiss, a claim must be facially plausible, meaning that the 'factual content . . . allows the court to draw the reasonable inference that the respondent is liable for the misconduct alleged.'" *Cole v. Homier Dist. Co., Inc.*, 599 F.3d 856, 861 (8th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)). When determining the facial plausibility of a claim, the Court must "accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Id*. (quoting *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005)). Finally, where a court can infer from those factual allegations no more than a "mere possibility of misconduct," the complaint must be dismissed. *Id*. (quoting *Iqbal*, 129 S.Ct. at 1950).

  B.  **Summary Judgment Under Fed. R. Civ. P. 56**

Courts have repeatedly recognized that summary judgment is a harsh remedy that should be granted only when the moving party has established his right to judgment with such clarity as not to give rise to controversy. *New England Mut. Life Ins. Co. v. Null*, 554 F.2d 896, 901 (8th Cir. 1977). Summary judgment motions, however, "can be a tool of great utility in removing factually insubstantial cases from crowded dockets, freeing courts' trial time for those that really do raise genuine issues of material fact." *Mt. Pleasant v. Associated Elec. Coop. Inc.*, 838 F.2d 268, 273 (8th Cir. 1988).

Pursuant to Rule 59(c), a district court may grant a motion for summary judgment if all of the information before the court demonstrates that "there is no genuine issue as to material fact and the moving party is entitled to judgment as a matter of law." *Poller v. Columbia*

4

*Broadcasting System, Inc.*, 368 U.S. 464, 467 (1962). The burden is on the moving party. *Mt. Pleasant*, 838 F.2d at 273. After the moving party discharges this burden, the nonmoving party must do more than show that there is some doubt as to the facts. *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, the nonmoving party bears the burden of setting forth specific facts showing that there is sufficient evidence in its favor to allow a jury to return a verdict for it. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

In ruling on a motion for summary judgment, the court must review the facts in a light most favorable to the party opposing the motion and give that party the benefit of any inferences that logically can be drawn from those facts. *Buller v. Buechler*, 706 F.2d 844, 846 (8th Cir. 1983). The court is required to resolve all conflicts of evidence in favor of the nonmoving party. *Robert Johnson Grain Co. v. Chem. Interchange Co.*, 541 F.2d 207, 210 (8th Cir. 1976). With these principles in mind, the Court turns to the discussion.

## III.    Discussion

Defendant Doerge has moved to dismiss, or, in the alternative, for summary judgment on, plaintiff's *Bivens* claims.

### A.    Refusal to transfer plaintiff or move him to protective custody

Plaintiff's complaint alleges that, on June 26, 2009, he asked defendant Doerge to move him from Pemiscot County Justice Center to another jail where, he believed, he would be safe from the jail administrators and inmates who wished him harm. Alternatively, plaintiff requested that he be placed into protective custody. Plaintiff states that, instead, he was placed in the general population, and it took one year for him to be transferred to a "safer jail."

5

Defendant responds that plaintiff was placed in protective custody, but that on July 2, 2009, plaintiff requested that he be returned to the general population. Defendant has furnished the Court with plaintiff's written request, and plaintiff does not dispute the authenticity of the written request nor does he dispute that he requested to be returned to the general population. Plaintiff argues in his response memorandum that he was "attacked" on July 27 and placed in isolation as punishment for three days. According to defendant's (undisputed) exhibits and the docket sheet in this case, plaintiff was moved to the Cape Girardeau County Jail in November 2009, was sentenced in March 2010, and is currently incarcerated at the Federal Correctional Institution in Forrest City, Arkansas.

The nature of plaintiff's asserted Constitutional deprivation with respect to these allegations is somewhat unclear. Plaintiff refers to cruel and unusual punishment and his "due process rights," so the Court will proceed with analysis under the Eighth and Fifth Amendments.

In order to establish an Eighth Amendment failure-to-protect claim (which is apparently plaintiff's goal here), a plaintiff must show that the prison official was deliberately indifferent to a "substantial risk of serious harm." *Young v. Selk*, 508 F.3d 868, 872 (8th Cir.2007) (quoting *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). In doing so, a prisoner must satisfy two requirements, one objective and one subjective. The first requirement tests whether the deprivation of rights was sufficiently serious; *i.e.*, whether the inmate "is incarcerated under conditions posing a substantial risk of serious harm." *Farmer*, 511 U.S. at 834. The second requirement is subjective and requires that the inmate prove that the prison official had a "sufficiently culpable state of mind." *Id.* (quotation omitted). In prison conditions claims, the subjective inquiry regarding an official's state of mind is one of "'deliberate indifference' to

6

inmate health or safety." *Id.* (quoting *Wilson v. Seiter*, 501 U.S. 294, 302-03 (1991)). "An official is deliberately indifferent if he or she actually knows of a substantial risk and fails to respond reasonably." *Whitson v. Stone County Jail*, 602 F.3d 920, 923 (8th Cir. 2010) (citing *Farmer*, 511 U.S. at 837, 844-45.

Here, it is clear that no genuine issue of material fact exists with respect to plaintiff's claims against defendant Doerge. While plaintiff did not respond to defendant's Statement of Uncontroverted Material Facts as required by Local Rule 7-4.01(E), even considering plaintiff's disputation of those facts in his memorandum, there is no question that — even assuming that an objectively serious risk was posed to plaintiff — the plaintiff was placed in isolation (and removed at his request), and he was ultimately moved from Pemiscot's facility in November 2009. Defendant Doerge — to the extent he had control over these matters — was in no way deliberately indifferent to plaintiff's situation.

Plaintiff complains in his response (and in his proposed Amended Complaint, #33) that he was moved back to Pemiscot County Justice Center for a period of time in August 2010, but he does not claim that he was damaged by this apparently temporary transfer in any way. Moreover, the United States Supreme Court has made clear that

> Whatever expectation the prisoner may have in remaining at a particular prison so long as he behaves himself, it is too ephemeral and insubstantial to trigger procedural due process protections as long as prison officials have discretion to transfer him for whatever reason or for no reason at all.

*Meachum v. Fano*, 427 U.S. 215, 228 (1976).

Plaintiff's claim under the Fifth Amendment's due process guarantee is also untenable and shall be dismissed. In order to prevail on a Fifth Amendment due process claim, the plaintiff must first demonstrate that he was deprived of life, liberty, or property by government action. *See Phillips v. Norris,* 320 F.3d 844, 846 (8th Cir. 2003). Prisoners do not have the right to pick the prison of their choice, and no liberty interest is implicated by the government's transfer (or non-transfer) of an inmate in this case. *See Olim v. Wakinekona*, 461 U.S. 238, 247-48 (1983); *Murphy v. Missouri Dep't of Corrections*, 769 F.2d 502, 503 (1985).

Thus, summary judgment will be granted for defendant Doerge on this claim.

**B.**     **Wrong Medication, Denial of Medical Care, and Improper Restraint.**

Plaintiff's complaint alleges that he was given the wrong medication, denied medical care, and improperly restrained by prison officials at Pemiscot County Justice Center. Although plaintiff alleges that he told defendant Doerge about these actions — and he alleges that defendant Doerge's "office" supposedly instructed Pemiscot County Justice Center officials to keep plaintiff restrained — plaintiff does not allege that defendant Doerge was personally involved in any of these alleged Constitutional violations.

Government officials, like defendant Doerge, may not be held liable for the alleged unconstitutional conduct of others. *See Iqbal*, 129 S.Ct. at 1948. Personal liability for committing a constitutional civil rights violation requires evidence that the defendant personally participated in the alleged violation. *Id.* In civil rights actions under Section 1983 and/or *Bivens*, "defendants are liable for their personal acts only." *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995); *see also Iqbal*, 129 S. Ct. at 1948. The Eighth Circuit has consistently held

that a *Bivens* action is inappropriate against an official who was not personally involved in the alleged Constitutional violation. *Bivens* plaintiffs must name as defendants only those who were "actively involved in the alleged constitutional violation." *Noll v. Petrovsky*, 828 F.2d 461, 462 (8th Cir. 1987), citing *Laswell v. Brown*, 683 F.2d 261, 268 (8th Cir. 1982); *Tallman v. Reagan*, 846 F.2d 494, 495 (8th Cir. 1988). In *Laswell*, the Eighth Circuit stated that a *Bivens* plaintiff must "ferret out the officials directly responsible for the alleged constitutional violation," and that the individuals named as defendants "must be those that were actively involved in the alleged constitutional violation." 683 F.2d at 268; *see also Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997) ("general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support liability" under Section 1983).

There is no question here that the responsibility for plaintiff's day-to-day care is with the prison and not with the United States Marshal Service. *See* 28 C.F.R § 0.111(o). Plaintiff does not and cannot allege that defendant Doerge was personally involved in his medical treatment or restraint decisions. Rather, plaintiff only informed the defendant of those matters. Even if plaintiff's allegation concerning use of restraints during a baptism service could be somehow read as involving defendant Doerge personally, plaintiff does not allege that his damages with regard to that incident were anything other than *de minimis*, and "[c]laims under the Eighth Amendment require a compensable injury to be greater than *de minimis*." *Irving v. Dormire*, 519 F.3d 441, 448 (8th Cir. 2008). Plaintiff's claims against defendant Doerge will therefore be dismissed for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).[1]

---

[1]This Court also takes judicial notice of plaintiff's 42 U.S.C. § 1983 action against certain Pemiscot County Sheriff's Department employees who were allegedly involved in his assaults, denial of medical care, tampering with legal mail, and denial of access to the law library (No.

## C. Sixth Amendment Violation

Plaintiff states in his response memorandum that the "defendant failed to mention or address the issue of his involvement of a 6th Amendment violation of plaintiff's attorney client privilege...in which defendant was made aware of this illegal act committed against plaintiff, by in oral motion in court and by plaintiff's attorney at the time...which resulted to defendant advising plaintiff and plaintiff's attorney that the would transfer plaintiff to St. Clair, Illinois, a maximum security jail, in which plaintiff agreed to but was never taken, but only to be left in the custody of Pemiscot County authorities."

Plaintiff's complaint occasionally refers to a "Sixth Amendment" and/or an "attorney-client privilege" "claim," but they are stated sporadically and not entirely coherently. The Court has located the following allegations that may pertain to such a "claim" in the complaint:

- Plaintiff asked defendant Doerge to move him because of "the plot of the government using inmates that may have read or stolen some of my legal mail and parts of discovery." (#1 at 6.)

- There was some "violation of [plaintiff's] attorney client privilege rights due to [the fact that plaintiff was] continued to be housed around agent inmates." (#1 at 7.)

- Defendant Doerge put plaintiff in a position in which "a federal inmate acting as an agent for the government, to be questioned or listened to any incriminating statements given by [plaintiff] concerning defensive strategies or conversations held with attorney upon

---

1:10-cv-6-CDP). That case was dismissed for failure to state a claim on February 12, 2010.

prosecutions requests due to federal inmate making a deal to help himself." (#1 at 13-14.)

Even assuming that plaintiff could bring a *Bivens* action for violations of his Sixth Amendment rights, *see Lovelace v. Whitney*, 684 F. Supp. 1438, 1443-44 & n.3 (N.D. Ill. 1988), and that plaintiff could allege a set of facts supporting Sixth Amendment violations, the fact remains that plaintiff does not even allege that defendant Doerge was personally involved in any of the alleged acts. As a result, plaintiff fails to state a claim against defendant Doerge. In addition, on December 1, 2009, this Court held in the plaintiff's underlying criminal case that no Sixth Amendment violation had occurred, adopting the Report and Recommendation of the United States Magistrate Judge who had held extensive evidentiary hearings regarding the plaintiff's allegations (*see* Document No. 106, Case No. 1:08-cr-76).

Although defendant Doerge did not move for dismissal of this claim specifically — likely because the claim is somewhat difficult to glean from the complaint, and because the Sixth Amendment allegations are pleaded in large part with respect to plaintiff's now-dismissed claim against Judge Blanton — the Court will dismiss the Sixth Amendment claim pursuant to 28 U.S.C. § 1915(e)(2)(B) (stating that the Court may dismiss a complaint filed *in forma pauperis* at any time if the plaintiff fails to state a claim upon which relief can be granted).

### IV.   Conclusion

Although the Court will grant plaintiffs' motion to amend his complaint, the Court will also grant summary judgment, Rule 12(b)(6) dismissal, or 28 U.S.C. § 1915 dismissal to

defendant as to each of plaintiff's claims. The entirety of plaintiff's complaint is therefore dismissed, and judgment will be entered in favor of the defendant.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's Motion to Amend Complaint (#33), filed January 3, 2011, is **GRANTED**.

**IT IS FURTHER ORDERED** that the defendant's Motion to Dismiss, or in the Alternative, for Summary Judgment, is **GRANTED**:

- summary judgment is **GRANTED** to defendant Doerge as to plaintiff's claims relating to defendant Doerge's failure to transfer plaintiff to a different prison facility; and

- plaintiff's claims against defendant Doerge regarding plaintiff's having been given the wrong medication, denied medical care, and improperly restrained by prison officials at Pemiscot County Justice Center are **DISMISSED** for failure to state a claim.

**IT IS FURTHER ORDERED** that any claim plaintiff made in his complaint regarding Sixth Amendment and/or attorney-client privilege violations are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

**IT IS FINALLY ORDERED** that judgment is hereby entered in favor of the defendant.

Dated this  10th  day of February, 2011.

_____
UNITED STATES DISTRICT JUDGE